IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CLAUDIA M. CARL,

                     Plaintiff

VS.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                     Defendant

**SOCIAL SECURITY APPEAL**

NO. 5:05-CV-454 (HL)

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g). This case has been referred to the undersigned, a full time United States Magistrate Judge, for consideration pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72.

### HISTORY

Plaintiff CLAUDIA M. CARL filed an application for a period of disability and disability insurance on January 7, 2003, alleging disability commencing on July 3, 2002. Her claim was denied initially and upon reconsideration before her hearing with an Administrative Law Judge (ALJ) on February 2, 2005. The ALJ issued an adverse decision, and the Appeals Council denied the plaintiff's request for review on October 20, 2005.

### LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision**. *Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff Carl has appealed the ALJ's decision to deny her benefits on the basis of Carl's mental impairments. While Carl claims that the decision is "based upon errors of law and lacking in substantial evidence," her appeal does not specify any error of law: A fair reading of her brief shows that she simply wishes this court to reevaluate and re-weigh the evidence and substitute a federal judge's judgment for that of the Commissioner.

Plaintiff Carl has not demonstrated any legal flaw in the ALJ's decision. In fact, the ALJ's decision clearly articulates his reasons for affording more credit to some evidence before him than other evidence. Carl argues that the ALJ was "selective" in determining what limitations he attributed to her. Such is precisely the ALJ's function: to make findings based on the total record, which — when faced with conflicting evidence — means selecting that which is most supported by the record.

The plaintiff has opined that "the ALJ may have overlooked some of the therapist's treatment notes." Plaintiff's Brief, Tab #8 at 6. However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the reviewing court] to conclude that [the ALJ] considered [the plaintiff's] medical condition as a whole." ***Dyer v. Barnhart***, 395 F.3d 1206, 1211 (11th Cir. 2005) (internal punctuation omitted). Even if the ALJ failed to consider the notes in question, it constitutes harmless error: There is still substantial evidence in support of the ALJ's finding.

**CONCLUSION**

Based on the above analysis, IT IS RECOMMENDED that the decision of the Commissioner be **AFFIRMED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 26th day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE